THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>YOLANDA ORTIGOZA REYES,<br><br>    Defendant. | CASE NO. CR22-0107-JCC-1<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("USSG") (Dkt. No. 93). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Defendant was sentenced in March 2023, (*see generally* Dkt. No. 63), after pleading guilty to Conspiracy to Distribute Fentanyl, (*see generally* Dkt. Nos. 44, 50). In applying the 2021 Sentencing Guidelines, the United States Probation and Pretrial Services Office ("Probation") gave Defendant a two-level increase for possession of a dangerous weapon in connection with the offense. (*See* Dkt. No. 58 at 3.) Probation then calculated Defendant's total offense level to be 33, with a criminal history category of I. (*See* Dkt. No. 59 at 1.) This placed her guideline range at 135 to 168 months. (*Id.*) Nevertheless, Probation recommended a custodial sentence of 60 months—that is, the mandatory minimum given the volume of drugs involved

with Defendant's offense. (*Id*.); *see also* 21 U.S.C. § 841(b)(1)(B). The Court imposed a sentence of 60 months. (Dkt. No. 64 at 2.)

Defendant now asks for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B, Subpart 1 of the USSG. (*See* Dkt. No. 760.) To qualify for such a sentence reduction, two conditions must[1] be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). Part B, Subpart 1 of Amendment 821 provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria. *See* USSG § 4C1.1(a).

However, sentence reductions are not available to defendants who have been sentenced to the applicable mandatory minimum sentence. As the Ninth Circuit has stated, "[i]t is axiomatic that a statutory minimum sentence is mandatory." *United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011). As such, defendants who have been sentenced to the applicable mandatory minimum sentence necessarily fail to the meet the conditions to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

As to the first condition, when a defendant is subject to a mandatory minimum sentence, the sentence is never "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009). In turn, a retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term. *Id.* at 1095–96. As to the second condition, any reduction to a sentence imposed as the mandatory minimum is necessarily inconsistent with the Sentencing Commission's applicable policy statements. Indeed, USSG § 5G1.1(c)(2) states that a sentence "may be imposed at any

---

[1] A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." No retroactive amendment has altered this provision.

Therefore, when both the statutorily mandatory penalty and the applicable sentencing range remain exactly as they were at the time of the original sentencing proceeding, then a reduction of a sentence imposed at the mandatory minimum is inconsistent with the applicable policy statements and thus unauthorized under 18 U.S.C. § 3582(c)(2). *See* USSG § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

Defendant's sentence of 60 months was the mandatory minimum for the relevant offense. (*See* Dkt. No. 64 at 2); *see also* 21 U.S.C. § 841(b)(1)(B). Defendant thus fails to meet the conditions for a sentence reduction under 18 U.S.C. § 3582(c)(2), without even reaching the analysis under Amendment 821.[2] In turn, the Court lacks jurisdiction to reduce Defendant's sentence. *See Wesson*, 583 F.3d at 730. Accordingly, Defendant's motion for a reduction of her sentence (Dkt. No. 93) is DENIED.

DATED this 19th day of September 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Nevertheless, even if Defendant did not receive the mandatory minimum sentence, Defendant still would not qualify for a reduction in her sentence because Defendant possessed a dangerous weapon in connection with the offense, (*see* Dkt. No. 58 at 3), and thus fails to meet the criteria to qualify for a two-level reduction in her offense level under Amendment 821. *See* USSG § 4C1.1(a)(1) (providing downward adjustment for defendants who "did not possess . . . a firearm or other dangerous weapon . . . in connection with the offense.")